TILTON *v.* STANYAN.  { Aug. 11, 1876.

*Real action—Possession.*

When the plaintiff shows neither title nor possession, he cannot maintain a writ of entry against one who is in under color of title.

FROM GRAFTON CIRCUIT COURT.

WRIT OF ENTRY, to recover about one acre of land in Wentworth, in this county, described by metes and bounds. The following facts were agreed to for the purpose of raising questions of law in this case.

The title of William Tilton, the plaintiff, to the land, is a quitclaim deed of the same, properly described, from Amos Tilton and Hannah Tilton his wife, dated August 20, 1874. The defendant's title to the land is a warranty deed from Moses Colby, dated about June, 1872, under which defendant has held possession ever since. John Currier deeded to said Colby by deed of warranty just before said Colby conveyed to said Stanyan, and while the title was in said Colby he had the possession. On the 7th day of April, 1848, said Amos Tilton and his wife Hannah conveyed the premises in question, by warranty deed, to Increase S. Davis and four others, all of said Wentworth, " being directors of the Wentworth Academy Association;" and the conveyance was made to " said directors, their assigns and successors, in trust for the sole use and benefit of the Wentworth Academy Association forever;" and said land is warranted " to said directors, and their successors and assigns, against the lawful claims and demands of any person or persons whomsoever." About the time of date of said deed the Wentworth Academy Association organized under the general statute of this state relating to " voluntary associations." Said association was formed by written articles stating the objects, etc., subscribed by the members; was duly organized by the adoption of a constitution and by-laws, by the election of officers, and by the adoption of a corporate name as above; and public notice was given of the formation, name, and object of such association by publication and notice, as required by law. The capital stock was divided into shares of $10 each, and 110 of these shares were subscribed and paid for by the members of the association. With the eleven hundred dollars thus obtained the land in question was purchased and paid for, and a building erected upon it, to be used for the purposes of a school (when a school was needed and could be sustained), and for the holding of lyceums, the delivery of lectures, addresses, and speeches, and for purposes of amusement and literary improvement; and the same has always been used for the purpose of holding religious and political meetings, as there was occasion. Said Academy Association kept up its organization, held its annual meetings, elected officers, and had schools occasionally in the building, until 1869, when officers were elected who have held the

offices to the present time, and since 1869 no schools have been held in the building. In the years 1870, 1871, and 1872, said John Currier succeeded in purchasing all the stock of said Academy Association, and the same was duly transferred to him, with perhaps the exception of one or two shares, the owner of which could not be ascertained. Said Currier then conveyed the premises in question to said Colby, as above stated.

The questions arising on the foregoing case were transferred by RAND, J., C. C.

*S. B. Page*, for the plaintiff.

*W. A. Flanders* and *Sargent & Chase*, for the defendant.

SMITH, J. Both parties claim through the same grantor. In 1848, Tilton and wife conveyed the premises in dispute to Davis and four others, as directors of the Wentworth Academy Association, and to their assigns and successors, in trust for the sole use and benefit of the said Academy Association forever. The grant of the estate was absolute, although held in trust for another. In the event of a failure to execute the trust the grant does not fail, nor does the property revert to the grantor. Tilton, by his deed in 1848, conveyed his whole interest in the premises, °and since its execution has had no title whatever in the premises. At the date of his deed to the plaintiff ,having neither the possession nor the right of possession, he could convey nothing to the plaintiff.

On the other hand, John Currier succeeded, in 1870–72, in buying up all the shares in the corporation, and received a transfer of the same, with one or two exceptions, the owner of which could not be found. He thus became the principal person interested in the Wentworth Academy Association, which corporation is the *cestui que trust* of the premises. Having a very large beneficial interest in the premises, he conveyed the same to Colby just prior to June, 1872, who went into the possession, and soon after conveyed to the defendant, who took possession and still retains the possession of said premises. The defendant, then, is in under color of title. The plaintiff must rely upon his own seizin, and not upon the weakness of the defendant's title. The defendant being in possession, his title is good enough until the plaintiff shows a better one,—which he fails to do. He has never been in possession of the premises, and his grantor had had no possession for a period of twenty-eight years, when he conveyed away all his interest by deed of warranty. It is not necessary, therefore, to inquire whether the defendant has acquired a legal title to this land by his deed, nor whether the trust is being neglected or improperly administered. A specific performance of the trust will be compelled, if necessary, upon proper proceedings.

My conclusion is, that this action upon these facts cannot be maintained.

LADD, J. The plaintiff shows no right or title upon which he can maintain this suit. So far as regards this case, it is quite immaterial whether the property has been diverted from the purposes of the trust declared or not.

CUSHING, C. J., concurred.

*Case discharged.*