## BELLOWS v. JEWELL.

A deed from one in possession of land, under color of title, gives color of title to the grantee, though the deed is not recorded.

A deed describing land as "lot No. 6, on the westerly side of Peabody river, to run 160 rods each side of the road where it now runs," gives no color of title to land east of Peabody river, though less than 160 rods from the road.

TROVER, for the conversion, March 1, 1875, of a lot of logs and wood cut on lots 6 and 7, or land adjoining on the west, and on lot 8, in Martin's Grant, otherwise called Pinkham's Grant. Facts found by a referee, and a report for the plaintiff.

The plaintiff claimed title to the land on which the logs were cut, and one Copp, under whose authority the logs were cut, claimed title to 6 and 7. The defendant claimed that all the cutting was on 6 and 7. The plaintiff's title to 6 and 7, and the land westerly of them and southerly of 7, was undisputed, except so far as Copp had acquired title thereto by adverse possession. The referee finds Copp was the owner of 6, but not of that part of 7 from which the logs were cut.

In 1773, Martin's Grant, embracing all the land from which the timber and wood in controversy were taken, was conveyed by the state to Thomas Martin. The plaintiff purchased this grant in 1841, and took a deed of it, and he traced his title back to Martin. In 1824 the state granted to Daniel Pinkham a tract of land half a mile wide on each side of the Pinkham road, being a part of the land previously granted to Martin. Pinkham, previous to 1827,

divided his grant into lots of 100 acres each. These lots were each 50 rods wide, and extended back 160 rods from the road on each side. The only marking done by Pinkham was spotting trees once in 50 rods by the side of the road to designate these lots. Copp's deed was from Pinkham. The land in dispute was never divided into lots by any person who owned it. The only division was the one by Pinkham. Copp, in good faith and for a valuable consideration, took a deed of lot No. 6, November 5, 1827, in which it was described as situated on the Pinkham road, so called, and designated as lot No. 6, on the westerly side of Peabody river, to run 160 rods each side of the road where it now runs, and wide enough to contain 100 acres. The deed was recorded October 6, 1855. The average distance of the river easterly from the Pinkham road was 42 rods; and the plaintiff claimed that this description is not sufficient to give Copp color of title to land east of the river, though not exceeding 160 rods easterly from the road. If this view is correct, $35 should be added to the plaintiff's damages. Copp, about the time he took his deed, having bargained also for 7, adjoining 6 on the south, though never having any deed of it, entered into possession of portions of both lots, and has remained in possession since. About forty-two years ago he had the two lots run out, but the line between them was not run, and had the north-west corner of 6 and the south-west corner of 7 marked by the surveyor as corners. Those corners were several rods more than 160 rods westerly from the Pinkham road, one being about 180 rods from it. The line between the two corners was not run, but the westerly line of 6, the southerly line of 7, and the easterly line of the two lots, were run and marked. No corner was made for the south-west corner of 6 and the north-west corner of 7. Copp never enclosed the lines as thus run out, and it did not appear that the plaintiff ever acquiesced in or recognized those corners, or either of them.

*Ray, Drew & Heywood* and *E. R. Champlin*, for the plaintiff.

*Whidden, Twitchell & Evans*, and *Ladd & Fletcher*, for the defendant.

CLARK, J. Upon the facts stated, Copp has a valid title to lot 6 by adverse possession. The entry and division of the land into lots by Pinkham shows him in possession, claiming title under his grant, prior to the conveyance to Copp in 1827; and the deed from Pinkham to Copp gave Copp color of title, although Pinkham's possession was under color of title merely. *Cobleigh* v. *Young*, 15 N. H. 493. Copp's entry under the deed gave him constructive possession of the whole of lot 6 *(Bailey* v. *Carleton*, 12 N. H. 9, *Melcher* v. *Flanders*, 40 N. H. 139), and his possession was under color of title, although his deed was not recorded until 1855. *Minot* v. *Brooks*, 16 N. H. 374; *Newmarket Mfg. Co.* v. *Pender-*

*gast*, 24 N. H. 54, 63: Under this deed twenty years' continued possession gave Copp a valid title to lot 6. *Grant* v. *Fowler*, 39 N. H. 101; *Farrar* v. *Fessenden*, *ib.* 269. But the deed was not color of title beyond lot 6, which it purported to convey, and Copp acquired no title by adverse possession to the land situated westerly of lot 6. He had no constructive possession of it under his deed, and no continued, open, adverse possession for twenty years is shown. The running of lines and marking of corners forty-two years ago might, perhaps, be a sufficient possession against one showing no title, but it is not such an adverse possession as will bar the right of the plaintiff, who shows a prior title. *Woods* v. *Banks*, 14 N. H. 101; *Hoag* v. *Wallace*, 28 N. H. 547.

The remaining question is, whether lot 6, as described in the Pinkham deed, embraces any land east of Peabody river. The tract of land which the deed purports to convey is described as " situated on the Pinkham road, and designated as lot No. 6 on the westerly side of Peabody river, to run 160 rods each side of the road where it now runs, and wide enough to contain 100 acres." In point of fact, the average distance of Peabody river easterly from the Pinkham road is forty-two rods. Evidence of adverse possession of land is to be construed strictly. *Campbell* v. *Campbell*, 13 N. H. 483; *Hale* v. *Glidden*, 10 N. H. 397, 402; *Riley* v. *Jameson*, 3 N. H. 23, 26. Color of title is allowed to give a constructive possession beyond the actual occupation, for the reason that the colorable title is notice of the extent of the claim of the party holding under it. In this case there is nothing on the face of the deed to indicate any claim to land easterly of Peabody river, and the deed cannot operate to give color of title or constructive possession to any land east of the river.

According to the terms of the report, $35 should be added to the amount of damages found by the referee for the timber removed from the land east of Peabody river, and there should be

*Judgment for the plaintiff.*

STANLEY, J., did not sit: the others concurred.