Rockingham,
  Dec., 1894.

### NEWCASTLE *v.* HAYWOOD.

A royal charter is admissible as evidence of title to lands held under it.
A deed unaccompanied by evidence of possession by the grantor, or his predecessor of record, is insufficient to establish title in the grantee.

TRESPASS, *quare clausum,* with counts in trespass *de bonis* and in case. Plea, the general issue, with a brief statement alleging that the defendant's wife was in possession of the land described in the writ, and justifying as her servant. Subject to the defendant's exception, the plaintiffs put in evidence their charter. The court directed a verdict for the plaintiffs, and the defendant excepted.

*Samuel W. Emery* and *John S. H. Frink,* for the plaintiffs.

*Calvin Page,* for the defendant.

CLARK, J. This is an action of trespass for breaking and entering the plaintiffs' close and carrying away a sign-board inscribed, "Public Landing, Free for All." The defendant justified as the servant of his wife, who was alleged to have

been in possession of the premises described in the writ. Subject to the defendant's exception, the plaintiffs put in evidence their charter from William and Mary dated May 30, 1693, which, among other things, gave to the men and inhabitants of the town of Newcastle "all streets, lanes, and highways within the said town for the public use and service of the men and inhabitants thereof, and travelers there, together with full power, license, and authority to the said men and inhabitants within the said town forever to establish, appoint, order, and direct the establishing, making, laying out, ordering, amending, and repairing of all streets, lanes, highways, ferry places, and bridges in and throughout the said town, necessary, needful, and convenient for the men and inhabitants of the said town and for all travelers and passengers there," with a provision that said license should not be extended, or construed to extend, to the taking of the property of any person without his consent, or by some known law of the province. Under the charter the plaintiffs claimed to own in fee all vacant and ungranted lands within the limits of the town. They introduced evidence tending to show that for more than fifty years the *locus in quo*, which was a landing upon the seashore, had been used by the citizens of Newcastle, and by all other persons who have had occasion to use it, as a public landing; that during all that time the plaintiffs have kept it in repair for that purpose; and that some forty-five years ago they built and have since maintained an abutment or sea wall thereon. The admission in evidence of the plaintiffs' charter furnishes no ground for an exception. The charter was evidence of the claim under which the plaintiffs had used the premises for more than fifty years, and no ground occurs to us on which it could be properly excluded.

The defendant, admitting that he entered and carried away the sign-board, put in evidence deeds of the premises from Bell to Leighton, dated in 1841, and from Leighton to Dolly Haywood, the defendant's wife, dated in 1888, and adduced evidence tending to show that for three or four years prior to the date of the last named deed, he, under the license and by authority of Leighton, piled rocks and exercised other acts of ownership upon the premises, but not thereby interfering with their use as a public landing. He proved that the "Odiorne lot," so called, a parcel of land which included the landing, was taxed by the selectmen of Newcastle as non-resident and owned by Leighton in 1843, 1844, and 1845, but adduced no evidence tending to show that the taxes were paid. He also proved that the same lot was taxed to his wife in 1888, 1889, 1890, and 1891, and that she paid the taxes. The evidence tended to show that she returned the same to be taxed in her inventory. In 1888, Leighton, without so far as appeared going upon the land,

pointed out to the defendant the boundaries of the tract afterwards conveyed to his wife. There was no other evidence tending to show that Bell or Leighton was ever in possession of the premises. In 1893, the defendant, acting in behalf of his wife, obstructed the landing, whereupon the plaintiffs removed the obstructions and erected the sign-board.

The deeds of Bell to Leighton and of Leighton to the defendant's wife conveyed no title because there is no evidence that either of the grantors was ever in possession of the premises. It has always been understood that the mere production of a recorded deed, with no evidence of possession, is insufficient to establish a *prima facie* title, even as against a confessed wrongdoer. *Graves* v. *Amoskeag Co.*, 44 N. H. 462; *Bell* v. *Peabody*, 63 N. H. 233. An entry upon land is not presumed; it must be proved. The defendant having failed to show title in his wife, a verdict for the plaintiffs was properly directed.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.