Merrimack,
Dec., 1898.

## BROWN *v.* PEASLEE.

The findings of a referee that lands in controversy were included in duly recorded deeds, under which the defendant occupied for more than twenty years prior to an action for trespass against him, and that he had been in open, visible, notorious, exclusive, and adverse possession of the premises for more than twenty years prior to such action, establish a title by deed and by prescription.

TRESPASS, *quare clausum.* The acts which the plaintiff claims constitute the trespass to his land were the construction and occupation by the defendant of a building thereon, called the carriage house, and the dumping of dirt and sand around it. Facts found by a referee. Both parties move for judgment.

*Albin, Martin & Howe,* for the plaintiff.

*Sargent & Niles* and *Fred H. Gould,* for the defendant.

BLODGETT, C. J.    The real controversy between the parties is as to the site of the divisional line between their lands.    Both claim under deeds which necessitate the location on the ground of the boundaries described; and, in addition, the defendant claims by adverse possession.

The referee to whom the cause was sent finds as a matter of fact that the defendant's deeds (given and recorded more than twenty years prior to the commencement of this suit) include the land in question; " that the defendant has been in the open, visible, notorious, exclusive, and adverse possession of the land described in his said deeds for more than twenty years before the date of the writ, under color of title thereto, and that the defendant has had open, visible, notorious, exclusive, and adverse possession of the land upon which the carriage house stands for more than twenty years before the date of the writ, claiming under color of title."

Either of these findings is conclusive.    " The location on the ground of the boundaries described in a deed is a question of fact " (*Tasker* v. *Cilley,* 59 N. H. 575), and " possession under a deed, duly recorded, is constructive notice that he who is in possession is claiming adversely, it being the presumption that he is claiming under and according to his title." *Forest* v. *Jackson,* 56 N. H. 357, 362; *Clark* v. *Clough,* 65 N. H. 43, 78.    By deed and by prescription, the defendant's title is alike incontestably established.

The exceptions to evidence taken at the trial require no consideration.

*Judgment on the report for the defendant.*

All concurred.