Sullivan, }
Feb. 5, 1907. }

## MAXFIELD v. WHITE RIVER LUMBER CO & a.

Actual possession of land under an invalid tax collector's deed is sufficient to support an action of trespass *quare clausum*, as against one who has no legal title and cannot prove prior possession of the premises by himself or those under whom he claims.

TRESPASS, for breaking and entering the plaintiff's close situated in the town of Goshen. Trial by the court and verdict for the defendants. Transferred from the May term, 1906, of the superior court by *Wallace*, C. J.

*George R. Brown* and *Hosea W. Parker*, for the plaintiff.

*Jesse M. Barton* and *Edwin G. Eastman*, for the defendants.

BINGHAM, J. This is an action of trespass *quare clausum fregit*. The plaintiff's claim of title rests upon a collector's deed for the tax assessed upon the land for the year 1894, and upon his entry into the possession of the land under his deed in 1896. The defendants' claim of ownership is based upon the following facts: Franklin Pierce owned the land in 1863. In December of that year he conveyed it to one Clark, upon trust to hold, manage, and

improve the same and pay nine fiftieths of the income to Andrew Pierce, Jr., three fiftieths to Thomas W. Pierce, three fiftieths to George Bacon, and the balance in various proportions to some twelve other persons. There was supposed to be a lead mine upon the land, and it was worked by Clark for a short time after the conveyance was made to him. February 25, 1890, Andrew Pierce quitclaimed to one Page all the interest he had in the land, either individually or as surviving partner of a firm composed of Thomas W. Pierce, George Bacon, and himself. On the same day he quit-claimed to Page all the interest of the firm in the land, in pursu-ance of a power of attorney from Horace and Olivia Bacon author-izing him to close up its affairs and sell its real estate. In the summer of 1904, Page's interest in the land came through mesne conveyances to the defendants; and in the fall of that year, and while the plaintiff was in possession under his tax deed, the defendants entered, claiming to own the land, and committed the acts of trespass for which this suit was brought. There was a verdict for the defendants, and the plaintiff excepted upon the ground that the evidence failed to show that the defendants had any title to the land.

The plaintiff recognizes that in order to prevail in this suit he must rely upon the strength of his own title and not upon the weakness of the defendants'. His position is that he has the better title, even if his tax deed is for some reason invalid; that his entry upon and possession of the land under his deed gave him title sufficient to maintain an action against a trespasser; and that the defendants at the time of their entry were trespassers—that they had neither the legal title nor a prior possession. This contention, so far as it involves a statement of law, is undoubtedly correct. All title rests on possession, actual or presumed. No possession is presumed in favor of any person but the state; and when a person does not trace his title from the state, he must either show actual posses-sion in himself, or in some person through whom he claims. *New-castle* v. *Haywood*, 68 N. H. 179; *Bell* v. *Peabody*, 63 N. H. 233, 239; *Cushing* v. *Miller*, 62 N. H. 517, 525; *Tilton* v. *Stanyan*, 57 N. H. 489; *Graves* v. *Company*, 44 N. H. 462; *Richardson* v. *Palmer*, 38 N. H. 212; *Woods* v. *Banks*, 14 N. H. 101.

The case finds that the plaintiff was in the actual possession of the land at the time of the defendants' entry in 1904; and accord-ing to the foregoing principles of law, unless the defendants owned the legal title with an immediate right of possession, or unless they or those under whom they claim had a prior possession, the ver-dict in their favor cannot be sustained. There is no finding that the defendants, or those under whom they claim, ever had actual possession of the land prior to the plaintiff, and the facts reported

show that they never had the legal title. Their title does not start with Franklin Pierce, but with Andrew Pierce; and if he is the "Andrew Pierce, Jr.," who is mentioned as one of the beneficiaries in the deed to Clark, neither he nor the others there named owned the legal title to the land. The deed to Clark only gave these parties the income of the property. It did not vest the legal title in them, but in Clark, in whom it still remains so far as this case discloses. As the plaintiff has the better title, his exception is sustained. The verdict for the defendants is set aside.

*Verdict and judgment for the plaintiff.*

All concurred.