Grafton,
May 5, 1914.

### ALBERT D. MERRILL v. PUBLISHERS PAPER CO. & a.

Actual possession of land by the claimant thereof and his ancestors in title is sufficient to support a proceeding to enjoin threatened trespass by one who fails to show a better right.

A claimant of land who proves his title by conveyances and possession under them for upwards of sixty years is not required to go further, as against one who shows no right.

A deed under which the grantee took possession is admissible to show the extent of a claim by his successor in title, although there is no proof of possession on the part of the original grantor.

A deed of real estate which reserves possession of the premises to the grantor during his lifetime is construed as a covenant to stand seized to uses when such is the evident intent, and is admissible to prove ownership by the grantee's successors.

A bill in equity to enjoin the unlawful cutting of timber is not dismissed because the plaintiff is not the sole owner of the premises.

BILL IN EQUITY, to enjoin the defendants from cutting timber from the plaintiff's land, and for an accounting and damages for timber already cut. In the superior court, *Chamberlin*, J., ordered judgment for the plaintiff upon the report of a master and transferred the case from the May term, 1913, upon the exceptions stated in the opinion.

*Burleigh & Adams* and *Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Clarke C. Fitts* (of Vermont) and *Owen & Veazey* (*Hermon E. Eddy*, of Vermont, orally), for the defendants.

PEASLEE, J. In 1843, one Sargent deeded to the plaintiff's ancestor in title that part of Lot 7, in the second division of lots in Thornton, lying north of a described line. A few months later Sargent deeded to the defendants' ancestor in title the part of the lot lying south of the same line. The substantial dispute between the parties is over the location of this line. Upon a trial of the facts, a master found in favor of the plaintiff's contention, and the case is here upon exceptions to the report.

The exception chiefly relied upon is that the plaintiff did not show such title as would be necessary in order to maintain this proceeding. The rule here is the same as it would be in a suit for trespass to realty.

It is merely a question of which shows the better title. *Maxfield* v. *Lumber Co.*, 74 N. H. 158. The lot is largely wild land. Such actual possession as has been had by any one has been by the plaintiff and his ancestors in title. A spotted line marked the southerly limit of the land they claimed under the deed, they cleared ten acres of land adjoining this line, and apparently did more or less lumbering all over the tract. In short, the reported facts show that they took and held all the possession such land is capable of.

The objection that the plaintiff's title does not extend back to the sovereign is of little consequence. Showing, as he does, conveyances and possession under them for upwards of sixty years, it was not incumbent on him to go further, as against one showing no title or claim of title of any kind. *Glynn* v. *Maxfield*, 75 N. H. 482; *Fowler* v. *Owen*, 68 N. H. 270.

It is claimed that the first deed in the plaintiff's chain of title was improperly admitted in evidence because there was no proof that the grantor named therein was in possession. While such a conveyance would not be equivalent to possession in the grantee, as a deed from one in possession under color of title would (*Gage* v. *Gage*, 30 N. H. 420, 426), yet it serves "to define specifically the boundaries of the claim or possession" under it. *Bailey* v. *Carleton*, 12 N. H. 9, 16. It was shown that possession was taken under this deed, and the document was therefore properly received in evidence to show the extent of the grantee's claim. *Brown* v. *Peaslee*, 69 N. H. 436.

Error is claimed in the admission in evidence of a deed which reserved to the grantor the possession of the premises during his lifetime, upon the ground that there was no livery of seizin. But it is well settled in this state that such a conveyance will be construed as a covenant to stand seized to uses, when this is the evident intent. While such a conveyance of a freehold to take effect in the future was inoperative under the early common law for the reason here assigned, the rule has been otherwise ever since the adoption of the statute of uses. *Dennett* v. *Dennett*, 40 N. H. 498.

It appeared in evidence that the plaintiff may not be the sole owner of the premises, and there was a motion to dismiss the bill for this reason. The motion was properly denied. The fact that others may have rights greater than the plaintiff is of no consequence here. He has shown possession and some title, and that is sufficient as against the defendants, who show neither. *Jenkins* v. *Palmer*, 72 N. H. 592.

*Exceptions overruled.*

All concurred.