Carroll,
Feb. 6, 1934.

BERTHA L. DAME & a. v. NELLIE M. FERNALD & a.

470

*Ernest H. R. Burroughs* (of Massachusetts) and *Ralph S. Marsh* (*Mr. Burroughs* orally), for the plaintiffs.

*Conrad E. Snow* (by brief and orally), for the defendants.

WOODBURY, J. In order for an instrument to operate as color of title it must purport to convey the property in dispute, either to the person claiming thereunder, or to one in privity with him. The parties entered into the agreement of 1904 for the purpose of establishing the bound between their adjoining tracts. By their agreement they each intended to confirm the other's title up to the line agreed upon. The practical effect of this agreement was a purported conveyance, each to the other, so that, so far as the parties were concerned, each had title up to the line.

That the agreement was not executed with the formalities required of a conveyance of land, or in accordance with that required of agreements concerning disputed boundaries, (P. L., c. 219, ss. 27-29) is not material, since invalidity to operate according to its tenor is the distinguishing feature between color of title and title itself *Farrar* v. *Fessenden*, 39 N. H. 268; *Barker* v. *Company*, 78 N. H. 160. Nor does failure to record the instrument prevent it from operating as color of title. *Bellows* v. *Jewell*, 60 N. H. 420.

The instrument must, however, define the bounds of the tract in dispute. "Color of title is allowed to give a constructive possession beyond the actual occupation, for the reason that the colorable title is notice of the extent of the claim of the party holding under it." (*Bellows* v. *Jewell*, *supra*), or, as stated by *Walker*, J., "The doctrine of color of title is based upon the idea that it presumptively amounts

to notice to the true owner of the extent of the tenant's claim." *Pease* v. *Whitney*, 78 N. H. 201. Obviously, if no bound is described, there can be no notice of the extent of the claim, and an instrument defective in that particular cannot give color of title.

In the case at bar the parties agreed that a line from a definite point, run on a given course, should be their dividing line, and they expressed their understanding that the effect of this line when run would be to give the plaintiffs a strip of land twenty rods wide across the westerly end of their lot. When the line was run it did not prove to give the plaintiffs an additional strip of land but to take land from them instead. The description in the agreement is ambiguous, but it does not follow therefrom that it is insufficient to give color of title. "When the description in a deed is of doubtful meaning, it is sufficient to give color of title to one actually occupying to the fullest extent of what the deed might be construed to cover." *Barker* v. *Company*, *supra*. The defendants were actually occupying in so far as wild land of that character is capable of actual occupancy. The fullest extent of what the agreement might be construed to cover is to the line described by point and course. Consequently the defendants have color of title up to that line.

The master's findings indicate that he used color of title to give character to the defendants' acts of cutting on the disputed tract. He found that these acts were open, exclusive and continuous for a period of twenty years, but were not possessory unless the defendants had color of title to the tract. In other words, he used color of title to determine whether the defendants' acts of cutting were possessory acts or whether they were not. There was no error of law in using color of title for this purpose. One who enters under color of title is presumed to claim under and according to his title. From this it follows that "color of title may show both the extent and the character of the possession under it." *Barker* v. *Company*, *supra*, 165, and cases cited. In so far as *Cushing* v. *Miller*, 62 N. H. 517 indicates that the only value or effect of color of title is to extend by construction an actual possession, it is not in line with other authorities in this state and is not to be followed. *Waldron* v. *Tuttle*, 4 N. H. 371; *Brown* v. *Peaslee*, 69 N. H. 436; *Barker* v. *Company*, *supra; Weeks* v. *Morin*, 85 N. H. 9, 12.

The defendants' color of title gave the plaintiffs theoretical notice of the nature and extent of the claim under which the acts of cutting were done. In addition to this theoretical notice the plaintiffs also had actual notice. Soon after the agreement was signed they were

found to have been "apprized by friends that they did not gain the 20 rods mentioned in the agreement but had lost land instead." This information was sufficient to put them upon inquiry, and thus to render them chargeable with knowledge of such facts as reasonable inquiry would have disclosed. *Janvrin* v. *Janvrin*, 60 N. H. 169, 172. Had they made any inquiry they must have discovered the true situation in all its details. Their lack of knowledge of the precise extent of the defendants' claim was not due to concealment by the defendants, it was due to the plaintiffs' election to remain inactive. They are thus to be charged with knowledge.

The agreement of 1904 gave the defendants color of title up to the line claimed by them and the master was not in error in using color of title to determine the nature of the defendants' acts upon the disputed tract.

*Decree for the defendants.*

All concurred.