Sullivan,
No. 4723.

FRANK UCIETOWSKI & a.

*v.*

FRANCES NOVAK.

Argued June 2, 1959.

Decided June 30, 1959.

144

*William E. Nolin* (by brief and orally), for the plaintiffs.

*Shulins & Duncan* (*Mr. Duncan* orally), for the defendant.

LAMPRON, J. The first issue to be considered is whether the defendant's right of way over plaintiffs' land has been widened by adverse use to include so much of the plaintiffs' property as lies within the graveled portion of the driveway. This graveled driveway is approximately 12½ feet wide and approximately 10 feet of the width is on plaintiffs' side of the boundary line.

Defendant was granted by deed a right of way "over and upon a strip of land four feet (4') wide northerly of and adjacent to the premises above described," the latter being plaintiffs' property. The Trial Court found that "the driveway has existed approximately as it is today for about 34 years." The nature of the use made of it by the defendant and her predecessors in title is the controlling factor in determining whether a right of adverse use has been gained in the six-foot strip north of the granted four-foot right of way.

The burden was on the defendant to prove by a balance of probabilities twenty years' adverse, continuous, uninterrupted use of the strip north of the granted right of way in such a manner as to give notice to the record owner that an adverse claim was being made to it. *Alukonis* v. *Kashulines,* 97 N. H. 298, 299. *Gowen* v. *Swain,* 90 N. H. 383, 385. The nature of the use must be such as to show that the owner knew or ought to have known that the right

was being exercised, not in reliance upon his toleration or permission, but without regard to his consent. *Wason* v. *Nashua*, 85 N. H. 192, 198. A permissive use no matter how long or how often exercised cannot ripen into an easement by prescription. *Manos* v. *Day Cleaners, Inc.*, 91 Ohio App. 361; *Foley* v. *Lyons*, (R. I.) 125 A. (2d) 247, 249.

Whether the use has been adverse or permissive was a matter of fact to be determined by the Trial Court. *Burnham* v. *McQuesten*, 48 N. H. 446; *Gowen* v. *Swain, supra*. The nature of the use may be inferred from the manner, character and frequence of the exercise of the right and the situation of the parties. *Smith* v. *Putnam*, 62 N. H. 369; *Jean* v. *Arsenault*, 85 N. H. 72, 73.

Leda Langevin owned defendant's property from 1926 to 1947. Her husband pointed out the boundary line between the two properties to Theriault, plaintiffs' predecessor in title and told him there was a four-foot right of way on each side of the boundary line. The Langevin deed to defendant in 1947 by its language conveyed only a four-foot right of way on the adjoining land. Theriault testified he gave the Novaks permission to use the driveway. Plaintiff Frank Ucietowski has shoveled this driveway to its full width and in 1952 he and John Novak, co-owner with the defendant and now deceased, covered the driveway with gravel. This driveway was used not only in connection with defendant's house but also with that of the plaintiffs. The defendant has another right of way on the south side of her house.

The Trial Court's findings, rulings and decree that Frances Novak, the defendant, "has a right of way, on foot and/or with vehicles, to and from her said premises, over that part of the premises . . . [of plaintiffs] which lies within four (4) feet of the southerly bound thereof, and extending from Elm Street to the easterly bound of said Ucietowski property" were warranted by the evidence and are sustained. *Burnham* v. *McQuesten, supra;* See *Pike* v. *Hartford*, 100 N. H. 473, 476.

The second issue is whether the plaintiffs, through non-user and abandonment by them and their predecessors, have lost the right to use so much of the four-foot right of way on defendant's property as has been grassed over. The Court found that "approximately 1½ feet of the grass plot on the northerly side of the defendant's house is within the four-foot right of way referred to in the defendant's deed as being on the northerly side of the defendant's premises."

Defendant concedes that mere non-user of this four-foot right to its full length would not constitute an abandonment of their easement therein. *New England Box Co.* v. *Wood,* 81 N. H. 124. She contends however that non-user coupled with a use by her and her predecessors in title which is adverse to its enjoyment by the plaintiffs and their predecessors for the space of time long enough to create a prescriptive right would destroy the right in that part of the right of way.

There was evidence that the grass strip has existed in substantially the same condition for thirty-four years. The Langevins used the grass strip to sit on at times. The Novaks have placed chairs on it occasionally and have put the baby on a blanket thereon. They reseeded it once.

The burden was on the defendant to prove a twenty years' adverse, continuous, uninterrupted use of his strip in such a manner as to give notice to the plaintiffs and their predecessor in title that an adverse claim was being made of it. *Alukonis* v. *Kashulines,* 97 N. H. 298. The Court found "it does not appear that such uses interrupted or interfered with the use of the right of way by the plaintiffs and their predecessor." We cannot say as a matter of law that the evidence was of such a character that a contrary conclusion was compelled.

*Decree affirmed.*

All concurred.