Grafton
No. 93-387

TOWN OF WARREN

v.

MARJORIE SHORTT

December 27, 1994

*Laurence F. Gardner*, of Lebanon, on the brief and orally, for the plaintiff.

*Law Office of David H. Bownes, P.C.*, of Laconia (*David H. Bownes* and *Brian P. McEvoy* on the brief, and *Mr. Bownes* orally), for the defendant.

BROCK, C.J. The defendant, Marjorie Shortt, appeals the decision of the Superior Court (*Smith*, J.) that the public has acquired a prescriptive easement over a road crossing the defendant's property located in the Town of Warren (town), and thus the road is a class VI public highway pursuant to RSA 229:1 (1993). We reverse.

Mica Road is a gravel road on the north side of Route 25C in the town. The road can be traced as a private right-of-way back to a reserved easement in an 1879 deed. During the first half of this century, the right-of-way benefitted and provided the only means of access to the Mica Crystal Company, which milled "grit for everything that has a gizzard" on the dominant estate. A number of businesses operated on the dominant estate and utilized the right-of-way after the Mica Crystal Company, until the late 1960s. The record does not contain any official record referring to Mica Road as a public highway of any class; in fact, the public records that were admitted at trial indicate that the road is private.

The trial court found that members of the public used Mica Road for purposes other than ingress and egress to the dominant estate, without requesting the permission of the various owners of the servient estate, specifically the defendant. and the predecessors to her interest. In addition, the court found that members of the public used the right-of-way to access land abutting the dominant estate, without requesting anyone's permission. Most significantly, the trial court agreed with the town that "members of the public . . . believed that Mica Road was a public road . . . and] that the public use of [the road] was in a manner sufficient to give notice to the owners of the land on which Mica Road was located that an adverse claim was being made to [it]."

The question in this case is whether the public has acquired a prescriptive easement over the road, and thus the road may be declared a class VI highway under the definition in RSA 229:1, which provides that roads used for public travel for twenty years, prior to 1968, are public highways.

On appeal, the defendant contends that the trial court erred when it ruled that she bore the burden of demonstrating that the public's use of the land for the statutory period of time prior to 1968 was permissive. She also argues that the evidence does not support the court's determination that the public use actually made of the road was adverse and of such character as to put the owners on notice of an adverse claim of right.

Whether a use of property is adverse is an issue of fact. *Ucietowski v. Novak*, 102 N.H. 140, 145, 152 A.2d 614, 618 (1959). We will reverse the trial court's findings and rulings only if "they are unsupported by the evidence or are erroneous as a matter of law." *Zimmerman v. Suissevale*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981).

At trial, the burden was on the town to establish by a balance of the probabilities that the public used Mica Road for twenty years, prior to 1968, in an adverse, continuous and uninterrupted manner. *Ucietowski*,

102 N.H. at 144, 152 A.2d at 618; *see* RSA 229:1. "The nature of the use must be such as to show that the owner knew or ought to have known that the right was being exercised, *not in reliance upon his toleration or permission, but without regard to his consent." Ucietowski,* 102 N.H. at 144–45, 152 A.2d at 618 (emphasis added).

On the issue of consent, the superior court ruled that when a prescriptive easement is claimed, and a landowner's defense to it is that the use of the property was permissive, the burden of proof is on the landowner to show that the use was permissive. We disagree.

In *Wason v. Nashua,* 85 N.H. 192, 155 A. 681 (1931), this court interpreted the final provision of RSA 229:1 as describing the establishment of a highway by prescription:

> To establish a highway by prescription it must appear that
> the way was used by the general public continuously without
> interruption for a period of twenty years . . . under a claim of
> right without the permission of the owner.

*Id.* at 198, 155 A. at 685. The "claim of right" element generally refers to the character of the use: "use of the land [claimed] in such a manner as to give notice to the record owner that an adverse claim [is] being made to it." *Page v. Downs,* 115 N.H. 373, 374, 341 A.2d 767, 768 (1975).

In *Catalano v. Town of Windham,* 133 N.H. 504, 509, 578 A.2d 858, 861 (1990), we held that a party claiming an easement by prescription must demonstrate more than a showing of public use for twenty years; the public use additionally must be shown to have been adverse. In that case, the landowner plaintiffs who sought a judgment that certain roads qualified as public highways under RSA 229:1 bore "the burden of proving by a 'balance of the probabilities' that the public used [the roads] for twenty years under a claim of right without the owner's permission." *Id.* at 510, 578 A.2d at 861. It is clear then, that the burden of proof on the issue of permission, at least initially, lies with the claimant.

On the other hand, in *Gowen v. Swain,* 90 N.H. 383, 386, 10 A.2d 249, 251 (1939), we stated that the burden of proof on the issue of permission shifted from the party claiming an easement to the party denying it once a *prima facie* showing of prescription had been made. "[E]vidence of acts of such a character as to warrant the inference that [the claimant] had used the way as of right for a period of twenty years or more constituted *prima facie* proof. . . . It then became necessary for the [party denying the easement] 'to come forward with evidence' that those acts were, in fact, permitted." *Id.* (citations omitted). If this were strictly true, the requirement of adversity as an essential element of the prescriptive easement claim would be practically eliminated.

■ A use of land is adverse when made under a claim of right where no right exists. Adverse use has been defined as a "[u]se without license or permission; an element necessary to acquire title or easement by prescription." BLACK'S LAW DICTIONARY 53 (6th ed. 1990). If a use is made pursuant to the permission of the owner of the would-be servient estate, that use cannot be adverse. In our view, the absence of permission is an element of a "claim of right," which is in turn an essential element of a claim for a prescriptive easement that the claimant must prove by a preponderance of the evidence.

The defendant next argues that the evidence does not support the trial court's finding that the public use was adverse and of such a character as to put the defendant on notice of an adverse claim. We agree.

■■ It is well established that "[a] permissive use no matter how long or how often exercised cannot ripen into an easement by prescription." *Ucietowski*, 102 N.H. at 145, 152 A.2d at 618. On the other hand, an individual may establish an independent claim of right, adverse to the owner, even if another individual is using the way permissively. *Blackmer v. Williams*, 437 A.2d 858, 862 (Me. 1981). Where, as here, a town claims to have acquired a prescriptive easement or right-of-way across a citizen's land, and that right-of-way is coterminous with a deeded easement for the benefit of another private citizen, the town must go further on the issue of adversity. When a use of another's land began under that person's permission, it cannot become adverse in nature without an explicit repudiation of the earlier permission. *Taylor v. Gerrish*, 59 N.H. 569, 571 (1880); *see also In re Estate of Smilie*, 373 A.2d 540, 543 (Vt. 1977).

■ For many years, the mill that was located on the dominant tenement employed many of the residents of the town. Employees and customers of the mill used the road for access. In addition, employees and others used the road to obtain access to an adjacent piece of property, which was used for recreational purposes. It seems logical to us that, incidental to the use contemplated when the easement was created, to get to and from work, citizens of the town used the same road to accomplish other aims. It is not logical that the owner of the servient tenement, either then or now, would or should be expected to police *every* passerby in order to determine if their use of the road was pursuant to the deeded easement. This level of scrutiny is not required. As this court stated in the *Wason* case, the evidence in the present case demonstrates that

> the use of the space by the general public was not of a character or extent to interfere with that of the owners, their tenants and customers, but, on the other hand, was so far

incidental thereto that reasonable men in the place of the owners would not have supposed that the public was occupying it under a claim of right.

*Wason*, 85 N.H. at 199, 155 A. at 685. In *Wason*, we determined that the town had failed to establish the adverse character of the public's use of the property. *Id.* Furthermore, even though the defendant in the present case was unable to adduce significant testimony that the non-work-related use of the road by the citizens of Warren was made with the express permission of the owners of the dominant or servient tenements, our review of the record discloses insufficient evidence that the use was hostile.

■ As noted above, a use that is incidental to a use that is in fact permitted by the owner of the servient tenement will not develop into a prescriptive easement, unless the user has done more in order to put that owner on notice of any "claim of right." *E.g., Estate of Smilie*, 373 A.2d at 543. In *Martin v. Randano*, 573 P.2d 1156 (Mont. 1978), an adverse possession case, the Supreme Court of Montana stated the rule succinctly:

> The law is very rigid with respect to the fact that a permissive use in the beginning can be changed into one which is hostile and adverse only by the most unequivocal conduct on the part of the user. The rule is that the evidence . . . must be positive, must be strictly construed against the person claiming a prescriptive right, and that every reasonable intendment should be made in favor of the true owner.

*Id.* at 1160 (quotation omitted); *see also* 3 R. POWELL, POWELL ON REAL PROPERTY § 34.10, at 34-114 to 34-117 (P. Rohan ed. 1994) (citing cases).

■ In cases where a previously effective license or an easement for the benefit of another is in effect on the claimed land, adversity must be affirmatively shown by the party claiming a prescriptive easement. *See Catalano*, 133 N.H. at 510, 578 A.2d at 861; *Wason*, 85 N.H. at 199, 155 A. at 685. This rule is even more important when the purported adverse use was made simultaneously with permissive uses. In such a case, the claimant bears the burden of showing that the easement or license already in existence was somehow repudiated, or in the alternative, that action sufficient to inform the owner of the adverse use was taken. *Taylor*, 59 N.H. at 571.

The trial court granted each of the town's requests for findings of fact, including one which states that "[p]rior to 1968 and for a period of at least 20 years, the public use of Mica Road was in a manner sufficient to give notice to the owners of the land on which Mica Road

was located that an adverse claim was being made to Mica Road." We hold that the trial court erred in making this finding as there is insufficient evidence of repudiation or notice to the owners of the servient tenement to establish the adverse nature of the use of the road.

*Reversed.*

HORTON, J., with whom THAYER, J., joined, dissented; the others concurred.

HORTON, J., dissenting: The trial court correctly applied the doctrine of *Gowen v. Swain*, 90 N.H. 383, 10 A.2d 249 (1939), to place the burden of proof on the defendant to establish permission in fact after a showing of the required adverse public use by the plaintiff. The majority's reliance on *Catalano v. Town of Windham*, 133 N.H. 504, 578 A.2d 858 (1990), to establish "that the burden of proof on the issue of permission, at least initially, lies with the claimant," is misplaced. *Catalano* tells us that if the party asserting the easement is "able to prove that the public used the roads openly and under a claim of right for twenty years, the burden shifted to the [servient landowner] to prove that the public used the roads *with* permission of the owner." *Id.* at 510, 578 A.2d at 862 (citing *Gowen v. Swain, supra*). The trial court found sufficient facts to establish open and continuous public use, unrelated to any permitted use, under claim of right, for the appropriate period. The proof of the fact of permission for this use was properly put on the back of the defendant. The trial court should be affirmed. I respectfully dissent.

THAYER, J., joins in the dissent.