Grafton
No. 98-451

EDWARD F. AND EDITH RECORD JENKS

v.

GERARD MENARD, JR. & a.

August 31, 2000

*Decato Law Offices*, of West Lebanon (*R. Peter Decato* on the brief and orally), for the plaintiffs.

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* on the brief and orally), for the defendants.

HORTON, J. The plaintiffs, Edward F. and Edith Record Jenks, appeal the Superior Court's (*Smith*, J.) decision to grant the defendants', Gerard Menard, Jr., Margaret Menard, and Deborah S. Olsen, motion for judgment on the pleadings and motion to dismiss the plaintiffs' refiled writ. They contend the dismissal of their first writ was not a judgment on the merits, and, therefore, pursuant to RSA 508:10 (1997), they could refile their original writ as a new action. We affirm.

The parties have agreed to the following facts. The plaintiffs and defendants own adjacent parcels of land in Lyme that share a common boundary along an abandoned public right of way formerly known as Brook Road. In the 1930's, both parcels were part of a single larger tract owned by the Small family. In 1932, Brook Road ceased to be a public right of way. In 1939, the Smalls subdivided their property and conveyed the parcel now owned by the plaintiffs. The plaintiffs' property description remains unchanged from 1939 and states in part that the parcel is "bounded on the north by Brook Road." In 1944, the Smalls conveyed another portion of their land, which is now owned by the defendants. The description of the defendants' property does not specifically delineate its southern boundary with the plaintiffs' parcel.

The plaintiffs filed a quiet title action to determine the precise location of their northern boundary in March 1997. The defendants moved for judgment on the pleadings on June 12, 1997. On July 1, 1997, the trial court granted the defendants' motion. Due to a clerical error in the plaintiffs' attorney's office, the plaintiffs' attorney and the plaintiffs were not immediately aware of the superior court's decision on the defendants' motion. The plaintiffs, unaware of the court's ruling, filed an objection to the defendants' motion dated July 13, 1997, in which they argued that the motion should be treated as a motion for summary judgment. As part of their objection, the plaintiffs alleged that a predecessor in interest of the defendants' property had represented to the plaintiffs that their property included the entire width of Brook Road. The plaintiffs' writ did not contain this factual allegation, and the record does not indicate that the plaintiffs attempted to add this allegation to their writ or incorporated it in their refiled writ.

The plaintiffs learned of the order granting the defendants' motion in August. They moved to reconsider and reopen on September 2, 1997. Following a hearing, the trial court denied the plaintiffs' motion on November 4, 1997. The plaintiffs did not appeal either the July 1, 1997, or the November 4, 1997, orders.

The plaintiffs refiled the identical petition to quiet title on February 18, 1998. The defendants moved to dismiss. The trial court granted the defendants' motion because the refiled writ was "barred by the doctrine of *res judicata.*"

On appeal, the plaintiffs contend that the trial court erred when it determined that the first writ was dismissed on the merits and barred the filing of the second writ. Because the plaintiffs did not appeal the trial court's July 1, 1997, or November 4, 1997, orders, we limit our decision to the preclusive effect of those rulings and do not consider the merits of those orders on this appeal.

The plaintiffs first argue that the reason the first suit was dismissed is because they never filed an objection to the defendants' motion for judgment on the pleadings. Thus, because their writ was not dismissed for substantive reasons, they had the right to refile it under RSA 508:10.

■ RSA 508:10 provides: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." Under the circumstances of this case, "[t]he sole test of RSA 508:10 is whether the right of action is, or is not, barred by the first judgment." *Barton v. Barton*, 125 N.H. 433, 434, 480 A.2d 199, 200 (1984) (quotations omitted).

■ A procedural dismissal may be a substantive decision on the merits of a claim barring refiling under RSA 508:10. "We distinguish between 'purely procedural' dismissals, which do not bar subsequent actions, and those dismissals which are 'procedural,' but rest also on a substantive decision on the merits of the case, which do bar subsequent actions." *In re Proposed Rules of Civil Procedure*, 139 N.H. 512, 516-17, 659 A.2d 420, 423 (1995).

In their motion for judgment on the pleadings, the defendants stated: "Even accepting as true all of the factual allegations of the plaintiffs, as a matter of law, judgment must be entered for the defendants." In support of their motion, the defendants cited *Avery v. Rancloes*, 123 N.H. 233, 459 A.2d 622 (1983). The trial court's order stated: "Motion for Judgment on Pleadings; Granted." The plaintiffs argue that they could not understand from the order that

the trial court's decision was on the merits, and, because factual issues remained in dispute, they properly believed that the order was not on the merits. For example, the plaintiffs argued in their objection to the defendants' motion that the defendants' predecessor in interest represented that the property purchased by the plaintiffs included the road in question, and that this factual allegation created a factual dispute which distinguished this case from *Avery v. Rancloes*. The plaintiffs' writ, however, contains no allegation that would have alerted the trial court to consider this contention when ruling on the defendants' motion. *See Kennedy v. Titcomb*, 131 N.H. 399, 402, 553 A.2d 1322, 1323 (1989) (writ must allege sufficient facts to support a cause of action).

■ In general, a motion seeking judgment based solely on the pleadings is in the nature of a motion to dismiss for failure to state a claim. *Cf. Massachusetts Candy & Tobacco v. Golden Distrib.*, 852 F. Supp. 63, 67 (D.Mass. 1994) (under federal rules treating motion for judgment on the pleadings as motion to dismiss for failure to state a claim); *Belcher v. Paine*, 136 N.H. 137, 143, 612 A.2d 1318, 1322 (1992) (treating motion for summary judgment as a motion to dismiss for failure to state a claim). Because the defendants' motion seeks judgment based solely on the pleadings, we treat it as a motion to dismiss for failure to state a claim. Under these circumstances, the trial court was not obligated to consider factual allegations not raised in the plaintiffs' writ. *See Buckingham v. R. J. Reynolds Tobacco Co.*, 142 N.H. 822, 825, 713 A.2d 381, 383 (1998). Therefore, the defendants' writ was dismissed for failing to state a claim upon which relief may be granted. We note, however, that a short explanation by the superior court in support of its order might have prevented much of the confusion in this case.

■ The dismissal of a writ for failing to state a claim upon which relief may be granted is a substantive decision based on the merits of the case. Generally, before a case is dismissed, a party is given one meaningful opportunity to amend the writ. *ERG, Inc. v. Barnes*, 137 N.H. 186, 189, 624 A.2d 555, 557 (1993). That issue, however, is not before us.

We conclude that the remaining arguments raised by the parties are meritless and do not warrant further discussion. *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

BROCK, C.J., sat for oral argument but did not take part in the final vote; THAYER, J., sat for oral argument but resigned prior to

the final vote; BRODERICK, J., concurred; NADEAU and DALIANIS, JJ., who took part in the final vote by consent of the parties, concurred.