Rockingham
No. 2008-342

DAVID B. MASTROIANNI & a.

v.

JOSEPH WERCINSKI & a.

Argued: January 9, 2009
Opinion Issued: February 19, 2009

*Hamblett & Kerrigan, PA,* of Nashua (*J. Daniel Marr* and *Andrew J. Piela* on the brief, and *Mr. Marr* orally), for the petitioners.

*Daniel J. Kalinski,* of Manchester, on the brief and orally, for the respondents.

HICKS, J. The petitioners, David and Patricia Mastroianni, appeal an order of the Trial Court (*McHugh, J.*) denying them title by adverse possession to a small strip of residential real estate. We reverse and remand.

The material facts are largely undisputed. The Mastroiannis acquired a parcel of residential real estate in 1998 located at 13 Veronica Avenue in Salem. Their predecessor in title acquired the property in 1975.

The respondents, Joseph and Pamela Wercinski, acquired an abutting parcel in 2005 located at 4 Lucille Avenue. Their predecessor had owned the parcel since 1979. The parties and their predecessors in title mistakenly believed that a preexisting stone wall along a portion of the Wercinskis' parcel marked the boundary between the two properties. The boundary was actually east of the stone wall. The Mastroiannis and their predecessor in title had mowed grass, planted flowers and otherwise treated the property as their own. The contested land is a triangular area of approximately .02 acres. Upon discovering the actual boundary in 2006, the Wercinskis relocated the stone wall eastward and removed the flower beds in an effort to reclaim the land.

The Mastroiannis petitioned to quiet title pursuant to RSA 498:5-a (1997), asserting title by adverse possession. After a bench trial, the court concluded that use of the .02 acres by the Mastroiannis' predecessor was exclusive and continuous for twenty years. Notwithstanding this finding, the trial court ruled that the Mastroiannis had failed to show notorious possession because "the adjoining owners of the property operate[d] under the mistaken belief as to where the property line is located." The court also ruled that "no adversity can exist when by assumption the parties [mislocated] the property line." Thus, it found "as a matter of law [that the Mastroiannis] ha[d] failed to meet their burden in making a claim for adverse possession of the disputed parcel."

On appeal, the Mastroiannis argue that the trial court committed reversible error by treating as dispositive the parties' subjective beliefs about the location of the property line. We agree.

■ To acquire title to real property by adverse possession, the possessor must show twenty years of adverse, continuous, exclusive and uninterrupted use of the land claimed so as to give notice to the owner that an adverse claim is being made. *Blagbrough Family Realty Trust v. A & T Forest Prods.*, 155 N.H. 29, 33 (2007). We review the trial court's legal rulings *de novo, see, e.g., Osman v. Gagnon*, 152 N.H. 359, 361 (2005), but defer to its findings of fact if supported by the record, *Blagbrough*, 155 N.H. at 33.

*I. Adversity*

■ "A use of land is adverse when made under a claim of right where no right exists." *Town of Warren v. Shortt*, 139 N.H. 240, 244 (1994). "Adverse use has been defined as a use without license or permission . . . ." *Id.* (quotation and brackets omitted). Adverse use is trespassory in nature. *Bonardi v. Kazmirchuk*, 146 N.H. 640, 642 (2001); *Flanagan v. Prudhomme*, 138 N.H. 561, 572 (1994). "Use is 'trespassory' if it consists of a wrong which the fee holder can prevent or for which he can obtain damages by means of legal action." *Bonardi*, 146 N.H. at 642 (quotation omitted). Although the element of adversity is normally a question of fact, *Shortt*, 139 N.H. at 242, the trial court ruled as a matter of law that the parties' mistaken belief precluded the requisite adversity to acquire title by adverse possession. We disagree.

■ "The widely accepted view is that an adverse claim, otherwise valid, is not defeated by an initial mistake as to where the claimant's property ends and the neighbor's property begins." 16 R. POWELL, POWELL ON REAL PROPERTY § 91.05[3], at 91-25 (Michael Allan Wolf ed., 2008); *see* Annotation, *Adverse Possession Due to Ignorance or Mistake as to Boundaries*, 97 A.L.R. 14, 18 (1935).

> Thus, where a landowner-claimant holds actual possession of a disputed strip of land under a claim of right openly, exclusively, and continuously for the statutory period, mistakenly believing that he or she is holding to the true line, the landowner-claimant acquires the neighbor's title up to that line, and it is immaterial what the landowner-claimant might have claimed in the absence of a mistake.

POWELL, *supra* at 91-25 to -26.

■ Support for the majority rule lies within our jurisprudence. We have previously recognized that in determining whether use was adverse, "[i]t matters not, that the possessor was mistaken, and had he been better informed, would not have entered on the land." *Hewes v. Bruno*, 121 N.H. 32, 34 (1981) (quotation omitted). It is well established that "[a]cquiescence may establish a boundary where the parties for twenty years or more have recognized a certain boundary as being the true one and have occupied their respective lots accordingly." *Rautenberg v. Munnis*, 108 N.H. 20, 23 (1967). Finally, *Knight v. Coleman*, 19 N.H. 118, 119-20 (1848), states that adverse possession occurs "[where a] fence had been maintained for twenty years in the same place, the [adverse possessor] all the time claiming to own to the fence."

The trial court espoused the minority rule, which regards mistaken, subjective beliefs "as necessarily preventing the existence of the required claim of right." POWELL, *supra* at 91-27. This view does not accord with our cases expressly repudiating subjective inquiries when testing the elements of adverse possession. *Hewes*, 121 N.H. at 34; *see Kellison v. McIsaac*, 131 N.H. 675, 680 (1989). Because the trial court's ruling on the element of adversity rested upon an error of law, we reverse and remand for further consideration in light of our holding. *Avery v. Rancloes*, 123 N.H. 233, 238 (1983) (element of adversity is a question of fact); *see Ucietowski v. Novak*, 102 N.H. 140, 145 (1959); *Newmarket Manufacturing Co. v. Pendergast*, 24 N.H. 54, 63 (1851); *Atherton v. Johnson*, 2 N.H. 31, 35 (1819).

*II. Notoriety*

■ The above analysis applies with equal force to the element of notoriety, which "rests on the public policy that existing rights in land should not be lost unless the owner has been put on guard sufficiently to enable him or her to take preventive action with reasonable promptness." POWELL, *supra* § 91.04[1], at 91-16. Subjective beliefs regarding the location of boundaries do not impair in any way the adversely possessed party's ability to gain notice of the possession. *Cf. Kellison*, 131 N.H. at 680. Indeed, the Wercinskis do not dispute this and cite no decisional support for the trial court's ruling that subjective beliefs about the location of a boundary preclude the element of notoriety as a matter of law.

The Wercinskis, however, argue an alternative basis to affirm because, prior to ruling in their favor, the trial court noted that "case law suggests that something more than occasional mowing of a lawn or planting of

flowers would be necessary" to satisfy the requirement of notoriety. Relying upon our holding in *Blagbrough*, the Wercinskis argue that the acts undertaken by the Mastroiannis' predecessor do not amount to notorious possession.

We will assume without deciding that the relevant language from the trial court's order can be understood as an alternative ruling on the element of notoriety. We conclude that any such ruling is an error of law. We have found possession notorious where the record owner has actual notice or, in the absence of actual notice, where the possession is of such character that it would have been revealed through due inquiry. *See Dame v. Fernald*, 86 N.H. 468, 471-72 (1934); *Weeks v. Morin*, 85 N.H. 9, 12 (1931); *Pease v. Whitney*, 78 N.H. 201, 204 (1916); POWELL, *supra* § 91.04[1], at 91-16 to -17. "If the owner actually knows of the possession, there is actual notice." POWELL, *supra* § 91.04[2], at 91-17 to -18. Thus, "[w]hen a possessor is actually in possession of the disputed property, the open and notorious requirement is normally met." *Id.* at 91-17; *see Pease*, 78 N.H. at 204. *Blagbrough* is inapposite because it dealt only with constructive notice. *See Blagbrough*, 155 N.H. at 33; *see also Pendergast*, 24 N.H. at 63.

The trial court found that the Wercinskis' predecessor in title was aware of the possession of the disputed property. It follows then that this is a case of actual notice and, absent some form of concealment, the element of notoriety is met. *See Dame*, 86 N.H. at 472. Because there was no evidence of concealment, we reject the Wercinskis' argument.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.