**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0433, <u>Lise deLongchamp v. Armand Poirier & a.</u>, the court on April 1, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Lise deLongchamp, appeals the order of the Superior Court (<u>Nicolosi</u>, J.), following a bench trial, denying her claim of adverse possession to property owned by defendant Armand Poirier.  She argues that the trial court erred in:  (1) finding that her use of the property was insufficient to give notice of her adverse claim; and (2) precluding testimony regarding the belief of a predecessor in title as to the location of the boundary.

The plaintiff first argues that the court erred in finding that her use of the disputed area was insufficient to give notice of her adverse claim.  To acquire title by adverse possession, the possessor must show twenty years of adverse, continuous, exclusive, and uninterrupted use of the land claimed so as to give notice to the owner that an adverse claim is being made.  <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007).  "The law requires more than occasional, trespassory maintenance in order to perfect adverse title; the use must be sufficiently notorious to justify a presumption that the owner was notified of it."  <u>Id</u>. at 34.  "The nature of the use must be such as to show that the owner knew or ought to have known that the right was being exercised, not in reliance upon his toleration or permission, but without regard to his consent."  <u>Ucietowski v. Novak</u>, 102 N.H. 140, 144-45 (1959).  We review the trial court's application of law to the facts <u>de novo</u>, and we defer to its factual findings if they are supported by the record.  <u>Blagbrough</u>, 155 N.H. at 33.

In its order, the trial court relied primarily upon our holding in <u>Blagbrough</u>.  In <u>Blagbrough</u>, the trial court found that members of the Blagbrough family:

(1) tore down a dilapidated boathouse; (2) routinely entered the subject parcel for walks and other recreational activities; (3) permitted their children to play on the parcel; (4) used the parcel as a source of Christmas trees; and (5) cut grass, removed trees, and planted some flowers on the parcel.

See Blagbrough, 155 N.H. at 33.  We reversed the trial court's determination that the plaintiff had proven adverse possession and concluded that, as a matter of law, the activities of the Blagbrough family were insufficient to obtain title by adverse possession.  See id. at 34.  Here, the trial court found that "[t]he acts in this case are qualitatively and quantitatively no greater than those considered in Blagbrough."  We agree.

The record in this case shows that the area in dispute is a grassy portion of the defendant's property that the plaintiff has been using as a "side yard" for her property since 1988.  The defendant's parcel, 317 acres of undeveloped land, is wooded except for the grassy area in dispute.  The plaintiff testified that when she purchased her property, the house had not been occupied for some years, and the disputed area "was overgrown grass."  The plaintiff testified that she "cut the grass down" and removed debris, including "empty cans, empty bottles and farm debris."  The plaintiff continued to maintain the side yard for more than twenty years.  Her children, who were six and eleven years old when she purchased the property, played in the side yard until they graduated from high school.  The plaintiff hung a tree swing from the branch of a willow tree in the area.  She also used a clothesline that had been installed in the disputed area before she purchased her property.  For the past ten years, the plaintiff has planted fruit trees in the disputed area, and she has installed an apiary.

The plaintiff also planted grass over a leach field, which had been covered with sand.  Shortly before the plaintiff purchased her property, her predecessor in title had mistakenly installed the leach field on the defendant's property.  The defendant's predecessor in title resolved this issue by giving the plaintiff's predecessor in title an easement to maintain the leach field.  This allowed for the sale of the property to the plaintiff.  "When a use of another's land began under that person's permission, it cannot become adverse in nature without an explicit repudiation of the earlier permission."  Town of Warren v. Shortt, 139 N.H. 240, 244 (1994).  The trial court found that the plaintiff's use of the leach field area has always been with permission, and the plaintiff does not challenge this finding on appeal.

The plaintiff argues that her actions were sufficient to give the defendant notice of her adverse claim mainly because she regularly maintained the lawn in the side yard.  Without such maintenance, she asserts, the area would have reverted to woodlands.  We have noted, however, that "existing rights in land should not be lost unless the owner has been put on guard sufficiently to enable him or her to take preventive action with reasonable promptness."  Mastroianni v. Wercinski, 158 N.H. 380, 383 (2009) (quotation omitted).  In this case, the area in dispute was a lawn before the plaintiff acquired her property.  The plaintiff admitted that she did not expand the size of the lawn, permanently alter the land, or install permanent structures.

2

Moreover, the plaintiff's use was not exclusive. See Blagbrough, 155 N.H. at 33 (noting exclusivity requirement). Over the years, the defendant walked the boundary of his property on several occasions, and there was no evidence that the plaintiff took any action to prevent him or anyone else from using the area. Accordingly, we conclude that the record supports the trial court's determination that the plaintiff's actions were insufficient to give the defendant notice of her adverse claim. See id.; Mastroianni, 158 N.H. at 383.

The plaintiff next argues that the trial court erred in precluding her from testifying regarding the belief of a predecessor in title as to the location of the boundary line. The admissibility of evidence is generally within the discretion of the trial court, and we will uphold its rulings unless the exercise of its discretion is unsustainable. N.H. Ball Bearings v. Jackson, 158 N.H. 421, 431 (2009). Under this standard, the plaintiff must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case. Id. The trial court precluded the testimony on the basis that it was hearsay and not relevant. Even assuming, without deciding, that the testimony was admissible under an exception to the hearsay rule, the plaintiff has failed to explain its relevance to her adverse possession claim. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in precluding the testimony. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3