Hillsborough-northern judicial district
No. 99-678

NICHOLAS BONARDI

v.

DONNA KAZMIRCHUK

July 18, 2001

*Nixon, Raiche, Manning, Casinghino & Leach, P.A.*, of Manchester (*Gary L. Casinghino* on the brief and orally), for the plaintiff.

*Sullivan & Gregg, P.A.*, of Nashua (*Kenneth M. Brown* on the brief and orally), for the defendant.

NADEAU, J. The plaintiff, Nicholas Bonardi, appeals the Superior Court's (*Lynn*, J.) entry of judgment declaring that the defendant, Donna Kazmirchuk, had established a prescriptive easement to use the plaintiff's driveway. We affirm.

The trial court found the following facts. The plaintiff and the defendant own adjacent residential properties in Bedford. The defendant acquired her interest in 1966 or 1967, and, with the exception of one year during which the defendant was renovating the residence, either the defendant or her mother lived on the parcel between 1966 and 1997. Although there is another access road to the property, the defendant and her mother have used the plaintiff's driveway as their primary access road from 1966 until 1997. The owners of two neighboring parcels also used the plaintiff's driveway during portions of the time in question, although only one of the neighboring parcels had a deeded easement for such use.

The plaintiff purchased his parcel in 1989. Sometime thereafter, the plaintiff asked the defendant not to use the driveway and, eventually, brought this declaratory judgment action.

On October 4, 1999, the trial court held a hearing at which the plaintiff, the defendant and the defendant's mother testified. The trial court concluded that the defendant's use of the driveway from 1966 to 1997 created a prescriptive easement. On the issue of adverse use, the trial court found that either the defendant or her mother had used the plaintiff's driveway as their "most frequent and common method" of access from 1966 to 1997 and

> although [the defendant's mother] and [the defendant] may have subjectively believed that they had "permission" from [the plaintiff] or his predecessors to use the driveway, they never actually sought or were given permission for such use, nor did they ever say or do anything which could be objectively viewed as an indication that they were using the driveway with the consent or permission of the owner.

The plaintiff's predecessors-in-title did not testify and there is no allegation that they gave the defendant or her mother permission to use the driveway.

■ To establish a prescriptive easement, the defendant must prove by the balance of the probabilities that she used the plaintiff's driveway for twenty years and that her use was "adverse, continuous, and uninterrupted . . . in such a manner as to give notice to [the plaintiff] that an adverse claim was being made to it." *Sandford v. Town of Wolfeboro*, 143 N.H. 481, 484 (1999) (quotation omitted).

The plaintiff argues that the trial court's finding that the defendant's use was adverse was unsupported by the evidence, especially given that the plaintiff and the defendant testified that they believed that the defendant's use was permissive.

■ ■ We have held that to satisfy the adverse use requirement, "[t]he nature of the use must have been such as to show that the owner knew or ought to have known that the right was being exercised, not in reliance upon the owner's toleration or permission, but without regard to the owner's consent." *Id.* (brackets and quotation omitted). "[A]dverse use does not require hostility between the two property owners," so long as the use is "trespassory." *Ellison v. Fellows*, 121 N.H. 978, 981 (1981). Use is "trespassory" if it consists of "a wrong which the fee holder can prevent or for which he can obtain damages by means of legal action." *Zivic v. Place*, 122 N.H. 808, 815 (1982) (quotation omitted).

■ To establish a *prima facie* case of adverse use, the defendant must first produce evidence of acts of such a character that they create an inference of non-permissive use. *See Sandford*, 143 N.H. at 485-86. Once the defendant satisfies this initial burden, the burden shifts to the plaintiff to produce evidence that the defendant's use of the driveway was permitted. *See id.* at 486. The burden of persuasion remains at all times on the defendant. *See id.*

"Whether a use of property is adverse is an issue of fact. We will reverse the trial court's findings and rulings only if they are unsupported by the evidence or are erroneous as a matter of law." *Town of Warren v. Shortt*, 139 N.H. 240, 242 (1994) (quotations and citation omitted).

■ The evidence supports the trial court's conclusion that the defendant met her burden to prove that the use of the driveway was adverse. The evidence established that the defendant or her mother used the driveway as their primary access to the defendant's residence regularly for over twenty years with the knowledge of, but without the permission of, the plaintiff's predecessors-in-title. Such use was trespassory, and, therefore, adverse. *See, e.g., Sandford*, 143 N.H. at 489; *Catalano v. Town of Windham*, 133 N.H. 504, 510 (1990); *Zivic*, 122 N.H. at 815; *Ellison*, 121 N.H. at 981.

■ Contrary to the plaintiff's assertion, he produced no relevant evidence that the defendant's use was permissive. As evidence of permissive use, the plaintiff first points to conversations between himself and the defendant's mother in 1993 or 1994. Even assuming that the plaintiff gave the defendant or her mother permission as early as 1993, such permission is irrelevant. The defendant had used the driveway since 1966 or 1967. Therefore, permission granted in 1993 would have been rendered *after* the maturation of the prescriptive easement in 1986 or 1987. *See Nelson v. Johnson*, 679 P.2d 662, 665 (Idaho 1984) (permission granted after the limitations period had elapsed did not defeat the claimant's subsequent prescriptive easement claim); *see also* 25 AM. JUR. 2D EASEMENTS AND LICENSES IN REAL PROPERTY § 50, at 620 (1996) ("Prescriptive title . . . is not divested by . . . subsequently given permission.").

■ Next, as evidence that the defendant's use was permissive, the plaintiff points to testimony suggesting that the defendant and her mother *believed* that they had the permission of the plaintiff's predecessors-in-title. Again, even assuming that the defendant and her mother believed they had permission, such evidence is irrele-

vant. When determining whether a claimant's use is adverse, the claimant's "[s]ubjective intent is immaterial; it is the nature of the use that is controlling." 25 AM. JUR. 2D *supra* § 62, at 631; *see also Hewes v. Bruno*, 121 N.H. 32, 34 (1981); *Kellison v. McIsaac*, 131 N.H. 675, 680 (1989). That the defendant may not have intended to trespass on the plaintiff's property does not render the nature of her use any less trespassory. Apart from the defendant's or her mother's alleged subjective belief, there was no testimony that the defendant or her mother actually sought or were given permission by the plaintiff's predecessors-in-title.

Accordingly, we conclude that the trial court's finding that the defendant adversely used the plaintiff's driveway after 1966 and, thus, created a prescriptive easement was supported by the evidence.

*Affirmed.*

DUGGAN, J., concurred; GRAY and MANIAS, JJ., retired superior court justices, specially assigned under RSA 490:3, concurred; BARRY, J., superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.