# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0393, <u>Elizabeth Merry, Trustee of the Elizabeth H. Merry 2012 Revocable Trust v. Gilbert M. Costa & a.</u>, the court on April 6, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Elizabeth Merry, Trustee of the Elizabeth H. Merry 2012 Revocable Trust, appeals the order of the Superior Court (<u>Ignatius</u>, J.), following a bench trial and a view, denying her claims against the defendants, Gilbert M. Costa and Natalie M. Costa, Co-Trustees of the Gilbert M. Costa Revocable Trust of 2011, for adverse possession and a prescriptive easement over the defendants' property. The plaintiff argues that the trial court's findings—that her predecessors' use of the disputed area was permissive and not exclusive—were against the weight of the evidence.

To acquire title by adverse possession, the possessor must show twenty years of adverse, continuous, exclusive, and uninterrupted use of the land claimed so as to give notice to the owner that an adverse claim is being made. <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007). To establish a prescriptive easement, the plaintiff must show twenty years of continuous, adverse use. <u>Bonardi v. Kazmirchuk</u>, 146 N.H. 640, 642 (2001). Whether the use of property is adverse is an issue of fact. <u>Id</u>. at 643. "We will reverse the trial court's findings and rulings only if they are unsupported by the evidence or are erroneous as a matter of law." <u>Id</u>. (quotation omitted). The trial court's findings are within its sound discretion, particularly when, as in this case, the court has taken a view of the property. <u>See</u> <u>Sleeper v. Hoban Family P'ship</u>, 157 N.H. 530, 537 (2008). The credibility and weight to be given to the witnesses' testimony is a question of fact for the trial court. <u>Blagbrough</u>, 155 N.H. at 33. "If the findings can reasonably be made on all the evidence, they must stand." <u>Id</u>. (quotation omitted).

One of the plaintiff's predecessors, Craig Markert, testified that, for a number of years, he lived "almost across the street" from the plaintiff's property, which was owned by his in-laws from 1984 to 1999. Markert testified that, starting in 1984, he did all the yard maintenance for his in-laws, and that he was on the plaintiff's property "[a]nywhere from weekly to every other day." The defendants' predecessor, Paul Tardif, owned the defendants' property from 1984 until he died in 2012. In 2013, the defendants purchased the property

from Tardif's estate. Markert testified that Tardif was aware that he was maintaining the disputed area on the defendants' property, and that "his comment always was, it looks better than if I were taking care of it."

Markert also testified that although he could not recall a specific conversation with Tardif regarding an irrigation system that his in-laws installed on the plaintiff's property, he was "sure at some point we said, we're putting in an air irrigation system. Do you mind if it sprays onto your property?" According to Markert, Tardif's response, "as it always was, was sure, it'll look better than it would if I were taking care of it, so go ahead." To establish adverse use, the possessor must show that the owner knew or ought to have known that the right was being exercised not in reliance upon the owner's toleration or permission, but without regard to the owner's consent. Sandford v. Town of Wolfeboro, 143 N.H. 481, 484 (1999). Markert testified that if Tardif had told him to stop maintaining the disputed area, he would have stopped.

Markert also testified that in 1999, when he was renovating the home on the plaintiff's property, he "went over to Paul" and asked for permission to allow construction equipment to travel over the disputed area. According to Markert, Tardif's response was, "it's never been a problem. Go ahead." Although this conversation occurred in 1999, two years after the twenty-year prescriptive period ended, Tardif's response to Markert was that, "it's never been a problem." (Emphasis added.) Because Tardif knew that Markert was the person who had been maintaining the disputed area since 1984, we cannot conclude that the trial court erred in relying upon this testimony to support its finding of permissive use. Based upon this record, we conclude that the trial court's findings can reasonably be made on all the evidence. Blagbrough, 155 N.H. at 33.

Given our decision to affirm the trial court's finding that the plaintiff's use was not adverse, we need not address his claim that the court's finding of non-exclusivity was against the weight of the evidence. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**