**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0731, <u>James McManus v. Patrick Royal & a.</u>, the court on October 2, 2018, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, James McManus, appeals the order of the Superior Court (<u>Anderson</u>, J.), following a bench trial, denying his adverse possession claim over property owned by the defendants, Patrick Royal and Kimberly Royal. The plaintiff argues that the trial court erred in finding that: (1) the use of the defendants' driveway between 2000 and 2004, after the parties' predecessors in title agreed to use the driveway jointly, was permissive; (2) the use of the area behind the driveway also was permissive; (3) the use of the entire disputed area was not exclusive after October 2009; and (4) the plaintiff failed to establish a prescriptive easement over a portion of the entrance to the driveway.

"To acquire title to real property by adverse possession, the possessor must show twenty years of adverse, continuous, exclusive and uninterrupted use of the land claimed so as to give notice to the owner that an adverse claim is being made." <u>O'Hearne v. McClammer</u>, 163 N.H. 430, 435 (2012) (quotation omitted). "[T]o satisfy the adverse use requirement, the nature of the use must have been such as to show that the owner knew or ought to have known that the right was being exercised, not in reliance upon the owner's toleration or permission, but without regard to the owner's consent." <u>Bonardi v. Kazmirchuck</u>, 146 N.H. 640, 642 (2001) (brackets and quotation omitted). A claimant may establish twenty years of adverse use by "tacking" the use of his predecessors in title. <u>Page v. Downs</u>, 115 N.H. 373, 375 (1975).

The parties own adjacent residential properties with a driveway between them. The boundary line between the properties bisects the driveway in a line that runs parallel with the length of the driveway. The tenants and prior owners of the plaintiff's residence used the entire driveway almost exclusively from the mid-1990s until June 30, 2015, when the plaintiff's tenants complied with the defendants' demand to terminate such use. The plaintiff claims twenty years of adverse possession from February 28, 1995, when Troy Hartson purchased his property, through June 30, 2015, a period of twenty years and four months. Hartson testified that during his nine years of ownership, from 1995 to 2004, he used the entire driveway exclusively. He

testified that he regularly parked two vehicles in the driveway and installed a shed behind the driveway, partially on the defendants' property.

Samuel Chouinard purchased the defendants' property on May 31, 1996 and owned it until July 3, 2014. Chouinard testified that in the late 1990s, he and Hartson measured the property line together and discovered that their common boundary line ran down the middle of the driveway. Chouinard testified that he and Hartson reached an agreement to allow Hartson to use the portion of the driveway that belonged to Chouinard.

Frank Reid testified that he has been renting the defendants' property since October 2009. He testified that he uses the driveway "as a parking overflow . . . for friends and family and relatives," and that he has "constantly" used the area behind the driveway for storage of kayaks, a swing set, and a grill. Reid testified that his children have used the driveway two to three days per week since 2013, within the twenty-year period. Based upon these facts, the trial court found that the use of the disputed area between 2000 and 2004, including the driveway and area behind the driveway, was permissive and that, after October 2009, the use was not exclusive.

The plaintiff first argues that the trial court erred in finding that Chouinard agreed to allow Hartson the use of Chouinard's portion of the driveway. We will uphold the trial court's factual findings unless they are unsupported by the record. O'Malley v. Little, 170 N.H. 272, 275 (2017). Chouinard testified that, after he measured the boundary line and discussed the results with Hartson, they agreed to use the driveway "jointly." Chouinard testified that Hartson "could continue to use [the driveway] right now," because Chouinard "didn't need to park there right then," given that Chouinard "parked on the other side" of his residence.

We have held that "[i]f a use is made pursuant to the permission of the owner of the would-be servient estate, that use cannot be adverse." Town of Warren v. Shortt, 139 N.H. 240, 244 (1994). Hartson testified that he observed Chouinard measure the boundary location, and that Chouinard informed him that Chouinard's property included a portion of the driveway. Although Hartson denied the existence of any agreement on joint use, the court found Chouinard to be more credible. The court found that "[i]t makes sense . . . that [Chouinard] and Hartson would reach an agreement after Chouinard measured the property and found that he owned half the property." We defer to the trial court on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. O'Malley, 170 N.H. at 275.

The plaintiff asserts that Chouinard's testimony regarding the terms of the agreement was vague, and that any such agreement was subject to a condition precedent that never occurred, specifically, Hartson's obligation to

2

"rearrange some items" to allow more room for parking. However, as the trial court correctly ruled, the dispositive issue is not whether Chouinard and Hartson agreed upon specific terms of shared use of the driveway, but rather whether, as a result of their discussions, Hartson's subsequent use was adverse or permissive. See O'Hearne, 163 N.H. at 435. Whether the use of property is adverse or permissive is an issue of fact. See Bonardi, 146 N.H. at 642. In evaluating the merits of an adverse possession claim, courts are to construe evidence of adverse possession strictly. Blagbrough Family Realty Trust v. A & T Forest Prods., 155 N.H. 29, 33 (2007). Based upon the discussion between Chouinard and Hartson, the court found that an agreement for permissive use "is more consistent with the general tenor of discussions between Hartson and Chouinard in the late 1990's than an inference that Hartson was using the driveway adversely." Consequently, the court found that Hartson's use of the property was permissive for the period between 2000 and 2004, when Hartson sold his property. We conclude that the record supports the trial court's finding. See O'Malley, 170 N.H. at 275.

The plaintiff argues that the trial court's order is contrary to our decision in O'Malley, a case in which we affirmed the trial court's finding of adversity. See id. at 278. However, O'Malley is distinguishable because in that case, the record owners demanded that the plaintiffs move the fence that had been erected on their property, and the plaintiffs refused. See id. at 274. In this case, by contrast, there was no testimony that Chouinard told Hartson that he could no longer use Chouinard's portion of the driveway, that Hartson rejected Chouinard's joint use proposal, or that Hartson otherwise communicated an intent to use the driveway regardless of Chouinard's consent. See Bonardi, 146 N.H. at 642. This case is more analogous to Zivic v. Place, in which the record owner's letter to the claimant giving him permission to use the road terminated the adversity of the claimant's use, in light of the claimant's failure to put the title owner on notice that his use remained adverse after receipt of the letter. See Zivic v. Place, 122 N.H. 808, 813 (1982).

The plaintiff next argues that the trial court erred in finding that his use of the disputed area behind the driveway was also permissive. He asserts that any agreement between Chouinard and Hartson was limited to the use of the driveway. However, Chouinard testified that he surveyed the entire common property line, which included the disputed area behind the driveway. The court found that Chouinard gave Hartson permission to use the area along the entire boundary line, including the disputed area behind the driveway. We conclude that the record supports the trial court's finding. See O'Malley, 170 N.H. at 275.

Although the trial court's findings regarding adversity are sufficient to defeat the plaintiff's adverse possession claim, see O'Hearne, 163 N.H. at 435, the record also supports the court's finding that the use of the driveway and disputed area behind the driveway by the plaintiff and his predecessors was

not exclusive. Use in common with the defendants, their predecessors, or their tenants is not exclusive use. See Seward v. Loranger, 130 N.H. 570, 576-77 (1988). Reid testified that he has used the driveway "as a parking overflow . . . for friends and family and relatives" and that he has "constantly" used the area behind the driveway for storage of kayaks, a swing set, and a grill. Reid also testified that his children have used the driveway two to three days per week since 2013, within the twenty-year period claimed. The court found Reid's testimony credible. We conclude that the evidence of Reid's use is sufficient to support the finding that the plaintiff's use was not exclusive.

Finally, the plaintiff argues that the trial court erred in finding that he failed to establish a prescriptive easement over a portion of the driveway at its entrance. To establish a prescriptive easement, the plaintiff must prove adversity, see Jesurum v. WBTSCC Ltd. P'ship, 169 N.H. 469, 476 (2016), and as previously noted, the trial court found that the plaintiff's use of the entire driveway was permissive from 2000 to 2004. Accordingly, we find no error in the trial court's ruling. To the extent that the trial court "may have misconstrued the [p]laintiff's position as to the prescriptive easement," as he argues in his brief, the record, which does not include the plaintiff's motion for reconsideration, fails to show that he raised this issue in the trial court. See Super. Ct. Civ. R. 12(e); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002); see also Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (appellant bears burden to provide record sufficient to demonstrate he raised issue in trial court).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

4